UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH ADAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>WILIMINGTON TRUST, N.A., as trustee for Matawin Venture Trust Series 2017-2, et. al.,<br><br>                Defendants. | CASE NO. 3:18-cv-05598-RJB<br><br>ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS |

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss. Dkt. 17 refiled as Dkt. 18, hereinafter referred to as Dkt. 18. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein.

On July 26, 2018, Plaintiff, filed this case *pro se,* asserting violations of federal law (including Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA")) and state law in connection with a mortgage on Plaintiff's property located at 1903 N.W. 359th Street, La Center, Washington. Dkt. 1. Defendant Chase now moves for dismissal of

the claims asserted against it pursuant to Fed. R. Civ. P. 12.  Dkt. 18.  For the reasons provided below, the motion (Dkt. 18) should be granted and the claims asserted against Defendant Chase dismissed.

## I. FACTS, PROCEDURAL HISTORY AND PENDING MOTION

In reviewing a motion to dismiss for failure to state a claim as is the case here, the court is generally limited to review of "the face of the complaint, materials incorporated into the complaint by reference," and matters of which judicial notice may be taken. *In re Rigel Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012).  "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* (*internal quotations omitted*).

Plaintiff's complaint is difficult to follow.  As it relates to the current motion, Plaintiff alleges in the Complaint that on November 19, 2009, she obtained a loan on the subject property from Wealthbridge Mortgage Company ("Wealthbridge").  Dkt. 4, at 4.  She asserts that there was a "break in the chain of title" in that Wealthbridge never assigned the original deed of trust to Ginnie Mae REMIC Trust 2009-116.  *Id.*  Plaintiff alleges that the "servicer 'Shellpoint' has used deception and fraudulent assignments to conceal the transfer history and identities of hidden investors." *Id.,* at 5.  She asserts that Chase "falsely notarized the Latosha S. Brazil assignment," because Ms. Brazil was a Chase employee and the assignment states Ms. Brazil is a vice-president of MERS.  *Id.,* at 6.  Plaintiff maintains that the "note bears no endorsement(s) and/or allonge(s)," though there have been "investor transfers" of the loan.  *Id.*  She alleges that the loan may have been sold to Ginnie Mae, but there "have been no assignments or endorsements of the Note to Ginnie Mae which Ginnie Mae requires."  *Id.,* at 8.  Plaintiff states that on September 27,

2012, MERS transferred the "mortgage deed and note" to Chase. *Id.,* at 10.  She also refers to another assignment of the loan in July 2015 to [Housing and Urban Development] ("HUD"). *Id.,* at 12.  The Court will take judicial notice of the "Washington Assignment of Deed of Trust," filed in the record at Dkt. 18-5, in which Chase assigns its interest in the property to HUD, executed on November 20, 2014 and recorded in Clark County Washington April 7, 2015.

Plaintiff maintains that she has attempted to get loan modifications "all of which were repeatedly delayed due to lost paperwork, claimed 'incomplete' paperwork, and repeated re-assigned to new loan officers." *Id.,* at 12.  She asserts that Wealthbridge "illegally, deceptively, and/or otherwise unjustly qualified Plaintiffs for a loan which [Chase] and HUD knew or should have known that Plaintiffs could not qualify for or afford." *Id.,* at 12-13. Plaintiff asserts that "[a]s a result of the notarization fraud on the Adams's chain of title the Plaintiff hereby allege a violation of Federal Rule 60(b) – Fraud upon the Court." *Id.*  Plaintiff's Complaint then appears to include a portion of an opinion from a case, which is not identified. *Id.,* at 14-16.

Plaintiff asserts that Defendants are now attempting to wrongfully foreclose. *Id.,* at 17.  Plaintiff's first claim is for "reasonable reliance, detrimental reliance." *Id.*, at 16.  While there is no stand-alone claim in Washington for "reasonable or detrimental reliance," it appears that Plaintiff intends to assert a claim for equitable estoppel because she refers to the elements of estoppel.  Plaintiff also makes claims for fraud, breach of fiduciary duty, quiet title, slander of title, violation of TILA, and violation of federal regulations related to RESPA - "Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)," against Chase for not sending the Plaintiff a notice acknowledging that the loan modification application was complete. *Id.,* at 16-34.  She seeks damages and declaratory relief. *Id.*  Plaintiff then attaches a lengthy report entitled "Property Securitization Report" to the Complaint. *Id.*, at 37-99.

In the pending motion, Chase argues that the claims against it should be dismissed because Plaintiff's claims are time-barred, her fraud claims have not been plead with specificity, the fiduciary duty claim should fail because Chase owed her no fiduciary duty, her slander of title and quiet title claims should be dismissed because a deed of trust and assignment do not affect title, her CCPA and TILA claims fail because Chase informed her of the servicing change, her RESPA claims should be dismissed because she did not request a loan modification from Chase, and so, she is not entitled to declaratory or other relief from Chase. Dkt. 18.

The motion was originally noted for consideration on October 5, 2018. *Id.* The Plaintiff did not timely respond. On October 4, 2018, the Court issued Plaintiff a notice regarding the motion to dismiss. Dkt. 20. The Plaintiff was notified what she needed to do to oppose the motion, if she wanted to oppose it, and warned that if the motion to dismiss is granted, her claims against Chase may be dismissed. *Id.* The Court renoted the motion to dismiss for October 19, 2018. *Id.* The deadline for Plaintiff's response, if any, was reset to October 15, 2018. *Id.* Plaintiff did not respond.

## II. <u>DISCUSSION</u>

### A. STANDARD ON MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B. TIME BAR**

Each of Plaintiff's claims against Chase are time barred and should be dismissed.

    1. Federal Claims Against Chase

As it relates to the moving party here, Chase, Plaintiff makes federal claims for violations of TILA and RESPA. Dkt. 4.

The statute of limitations for a TILA claim is one year, 15 U.S.C. § 1640(e), and for a RESPA claim is one year or three years, depending on the claim, 12 U.S.C. § 2614.

    2. State Law Claims Against Chase

Plaintiff makes state law claims for estoppel, fraud, breach of fiduciary duty, quiet title and slander of title.

As to the Washington claims, the statute of limitations for an estoppel claim is either three years if the claim sounds in tort, or six years if the claim sounds in contract. *G.W. Const. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wn. App. 360, 364 (1993). "An action sounds in contract when the act complained of is a breach of a specific term of the contract, without reference to the legal duties imposed by law on that relationship." *Id.*

As it relates to Chase, Plaintiff does not complain of, or allege any facts supporting a "breach of a specific term of the contract." Accordingly, the claim for estoppel "sounds in tort" in regard to Chase. The three year statute of limitations applies. *G.W. Const. Corp.*, at 366-367.

The statute of limitations for fraud, breach of fiduciary duty, for quiet title, and slander of title is three years. RCW 4.16.080; *Mayer v. Huesner*, 126 Wn. App. 114, 123 (2005).

Plaintiff filed this case on July 26, 2018. Dkt. 1. Chase was assigned an interest in September 2012 and then assigned its interest to HUD on April 7, 2015. Plaintiff filed her case over three years after Chase had an interest in the property and well after the applicable statutes of limitation had run on each of the claims asserted against Chase. Accordingly, all Plaintiff's claims, both federal and state, against Chase should be dismissed as time barred.

**C. LEAVE TO AMEND**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

Plaintiff should not be given leave to amend the claims asserted against Chase. It is clear that no amendment can cure the defect.

**D. CONCLUSION**

Chase's Motion to Dismiss (Dkt. 18) should be granted. The claims asserted against Chase should be dismissed because they are all time barred. Plaintiff should not be afforded leave to amend because amendment would be futile. The Court need not address Chase's remaining grounds in its motion to dismiss.

### III. <u>ORDER</u>

**IT IS ORDERED THAT:**

- Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Dkt. 17 refiled as Dkt 18) **IS GRANTED**; and

- The claims asserted against Defendant JPMorgan Chase Bank, N.A. **ARE DISMISSED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of October, 2018.

_____
ROBERT J. BRYAN
United States District Judge